IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HENRY DIGGS, § | | |
| (Tarrant No. 0512004), § | | |
|  Plaintiff, § | | |
| § | | |
| vs. § | | Civil Action No. 4:20-CV-706-P |
| § | | |
| BILL WAYBOURN, Sheriff, § | | |
| Tarrant County, Texas, et al., § | | |
| § | | |
|  Defendants. § | | |

**OPINION and ORDER OF DISMISSAL
UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)**

The case is before the Court for review of pro-se-inmate/plaintiff Henry Diggs's ("Diggs") amended complaint under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After conducting that review, the Court finds that all claims under 42 U.S.C. § 1983 asserted by plaintiff Diggs must be dismissed under authority of these provisions, but the remaining state law claims will be dismissed without prejudice.

**BACKGROUND**

Diggs initiated this case with the filing of a civil-rights complaint form. Compl. 1-4, ECF No. 1. Although Diggs was informed by Court order that he was not to file an amended complaint without seeking leave of Court, he filed an amended complaint a few weeks later. An. Compl. 1-8. ECF no. 7. An amended complaint takes the place of and supersedes an original complaint, such that the Court will review the claims as presented in the amended complaint. *See Clark v. Tarrant County*, 798 F.2d 736, 740 (5th Cir. 1986); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985).

In the amended complaint, Diggs names as defendants Tarrant County Sheriff Bill Waybourn, Officers Martinez and Franklin, an Unknown Supervisor, Medical Officer S. Vanderbilt, and other unnamed John Peter Smith (JPS) Tarrant County Jail medical staff. Am. Compl. 1-2, ECF No. 7. Diggs writes the following "Statement of Facts" and lists his claims and causes of action as follows:

### III.

Plaintiff alleges that on or about January 22, 2020, at approximately 12:00 p.m the Plaintiff was a passenger in a vehicle owned by Tarrant County Correctional Center, which was being driven by Transport Driver D. Martinez. Plaintiff avers that such vehicle was traveling at 15 mph, while backing into a parking garage at J.P.S. Hospital in Tarrant County, Texas when the driver drove such vehicle into another parked van, thereby causing Henry M. Diggs and two others to sustain, serve [sic], and debilitating personal injuries.

### IV.

At the time of the collision described above, Transport Driver D. Martinez accompanied by OFC Franklin were the agents, servants and employees of the Defendant, Bill Waybourn and was acting within the scope of his employment and authority as such agents, servants and employees [sic].

### V.

The occurrence made the basis of this suit and the resulting injuries and damages were proximately caused by the negligent conduct of OFCMartinez and OFC Franklin and by Defendant Bill Waybourn, under the doctrine of respondeat superior.

### VI.

Plaintiff further alleges that the defendant Bill Waybourn is liable for the negligence of its [sic] employees OFC Martinez, OFC Franklin, Unknown Supervisor and S. Vanderbilt, et. al. (Medical), under the doctrine of respondeat superior, or is directly liable to such Plaintiff for Defendant's negligent entrustment of its vehicle to such driver as shown:

- In failing to maintain a "proper" lookout;

> - In failing to timely apply the breaks [sic] to his vehicle in order to avoid the collision in question;
> - In driving his vehicle at a rate of speed which was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances; [and]
> - Each of such acts and omissions, singularly or in combination with others constituted negligence which proximately caused the collision and the injuries which the plaintiff suffered.

*Id*. at 2-3. For relief in this proceeding, Diggs seeks actual monetary damages of "not to exceed $500,000" for pain and suffering, mental anguish, physical impairment, reasonable medical expenses, and loss of earning capacity. *Id*. at 4-5.

## LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Plaintiff Diggs is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a). Because Diggs is proceeding in-forma-pauperis, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lack an arguable

3

basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## ANALYSIS

### Lack of Sufficient Personal Involvement - No Respondeat Superior

When Diggs filed this action on a prisoner complaint form, he invoked the Court's fedreal question jurisdiction by seeking relief against the defendants under 42 U.S.C. § 1983.[1] Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* A claim of liability for violation of rights under 42 U.S.C. § 1983, regardless of the particular constitutional theory, must be based upon allegations of personal responsibility. *See Murphy v. Kellar*, 950 F.2d

---

[1] "Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."42 U.S.C.A. § 1983 (West 2012).

4

290, 292 (5th Cir. 1992) ("[A] plaintiff bringing a section 1983 action must specify the personal involvement of each defendant"); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) ("In order to successfully plead a cause of action in § 1983 cases, plaintiffs must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged"); *Douthit v. Jones*, 641 F.2d 345 (5th Cir.1981) (a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation.") A supervisory official, like Sheriff Waybourn, cannot be held liable pursuant to § 1983 under any theory of vicarious liability simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A & M University*, 168 F.3d 196, 200 (5th Cir.1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir.1979). Such officials may be liable when enforcement of a policy or practice results in a deprivation of a federally protected right. *Alton*, 168 F.3d at 200 (citing *Doe v. Dallas Ined. Sch. Dist.*, 153 F.3d 211, 215-16 (5th cir. 1998)).

  As set forth in the portions of Digg's amended complaint, the only allegations against Bill Waybourn in this case are based on claims that he is responsible for the actions of the other defendants under the doctrine of respondeat superior. Am. Compl. 1-2, ECF No. 7. Thus, any claim against Waybourn under § 1983 must be dismissed.

  Likewise, as noted above, in order to support a claim for liability under § 1983, Diggs must state particular personal involvement by each named defendant. Although Diggs lists an Unknown Supervisor, Medical Officer S. Vanderbilt, and other unnamed Tarrant County

Jail (JPS) medical staff, he has not actually set forth any facts of any actions taken by any of these persons other than his conclusory allegations that they failed to provide adequate medical care in response to the injury he allegedly sustained in the January 2020 van accident Am. Compl. 1-5, ECF No. 7.

In this regard, even if the Court were to afford Diggs the benefit of reviewing the statement of claim in his underlying complaint, such review reveals that he provided no facts of any particular medical care defendant's conduct:

> After the wreck a supervisor was contacted who failed to follow up on the accident to ensure that I was properly and immediately examined. I was not properly and immediately examined. From the day of the accident up until now the JPS staff at the jail have not properly followed through on my medical requests nor have they taken my physical well being and complaints of pain serious [sic] or reacted in a timely manner. This has caused my physical ailments to worsen.

Compl. 4, ECF No. 1. Thus, in sum, Diggs has not set forth sufficient facts to support any claim of liability for a violation of constitutional or federal right under § 1983 against defendants Waybourn, the Unknown Supervisor, Officer S. Vanderbilt, and the other unnamed Tarrant County Jail medical staff.

**Claims of Negligence are Insufficient to State a Constitutional Violation**

The Fifth Circuit has held that the deliberate-indifference standard normally associated with Eighth Amendment claims also applies with respect to episodic-act-or-omission claims by pretrial detainees. *Hare v. City of Corinth*, 74 F.3d 633, 647-48 (5th Cir. 1996). Under that standard, an inmate is required to allege facts that indicate officials were deliberately indifferent to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A detainee

is required to establish that the defendant official has actual subjective knowledge of a substantial risk of serious harm but responds with deliberate indifference to that risk. *Hare*, 74 F.3d at 643 and 650. Such a finding of deliberate indifference, though, "must rest on facts clearly evincing 'wanton' actions on the parts of the defendants." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985); *see also Wilson v. Seiter*, 501 U.S. 294, 297 (1991). This subjective deliberate-indifference standard is equated with the standard for criminal recklessness:

> [A] prison official cannot be found liable defining the Eighth Amendment for denying an inmate humane conditions of confinement unless "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837; *see also Hare*, 74 F.3d at 648 ("[W]e conclude that a deliberate indifference standard is compelled by our cases and consistent with the relevant teachings of the Supreme Court. We hold that the episodic act or omission of a state jail official does not violate a pretrial detainees's constitutional right to be secure in his basic human needs, such as medical care and safety, unless the detainee demonstrates that the official acted or failed to act with deliberate indifference to the detainee's needs").

A review of Diggs's factual allegations against the remaining defendants involved with the van accident itself, Officer Martinez and Officer Franklin, indicates that he has not stated any claims that would constitute deliberate harm or wanton disregard of his rights. Rather, Diggs complains that these officials were negligent and failed to act reasonably in several

specifics that allegedly led to the van accident. Am. Compl. 2-3, ECF No. 7. Such factual allegations do not satisfy the required standard that these defendants were aware of a substantial risk of harm to him, and disregarded it. At most, Diggs's allegations might support a claim that jail officials were negligent. Allegations of negligence are not sufficient to maintain an action under 42 U.S.C. § 1983. *See, e.g., Daniels v. Williams*, 474 U.S. 327, 332 (1986) (concluding that the constitution "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (stating that "lack of due care . . . simply does not approach the sort of abusive government conduct" which rises to the level of a constitutional violation); *see also Dyson v. Cox,* CA No. 3:12-CV-3053, 2013 WL 4813557, *3 (W.D. La. Sep. 3, 2013) (holding that claims arising from an auto accident while officers transported Plaintiff to a dental appointment failed to state a § 1983 claim, and that "at worst, plaintiff has only alleged negligence on [the officers] part; negligence cannot support a claims for damages under Section 1983."). Similarly, to the extent Diggs's asserts claim for relief under 42 U.S.C. § 1983 arising from the van accident while Officer Martinez was driving and Franklin was also present, does not state any claim of the violation of a constitutional right. Any such claims against these transport officer thus must be dismissed.

### State Law Claims

It is evident from the amended complaint that Diggs's seeks to recover for the alleged negligence of several defendants under state tort law. Title 28 U.S.C. § 1367 provides that

8

a district court may decline to exercise supplemental jurisdiction over state claims if, among other reasons, the "district court has dismissed all claims over which it had jurisdiction." *See* 28 U.S.C.A. § 1367(c)(3)(West 2006). Because the Court concludes that all of the federal claims asserted in this case must be dismissed, the Court, in the exercise of its discretion, finds that the remaining state law claims should be dismissed without prejudice.

## CONCLUSION and ORDER

It is therefore **ORDERED** that all of plaintiff Henry Diggs's claims under 42 U.S.C. § 1983 against all defendants are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(i) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further **ORDERED** that all of Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE** to his right to seek relief in state court.

**SO ORDERED** this **15th day** of **March, 2021**.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE